UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH ASHLEY, ET AL.                          CIVIL ACTION

VERSUS                                          NO.: 14-512-SDD-RLB

DEVON ENERGY CORP., ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 29, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KENNETH ASHLEY, ET AL.                          CIVIL ACTION

VERSUS                                          NO.: 14-512-SDD-RLB

DEVON ENERGY CORP., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 5). The motion is opposed. (R. Doc. 6). Based on the following, the Motion to Remand should be denied.

## I.   BACKGROUND

On or about May 2, 2014, Kenneth Ashley and Gerald Paul Bellanger, Jr. (collectively, "Plaintiffs") filed this suit in the 18th Judicial District Court for the Parish of Iberville, Louisiana ("State Court"), naming as defendants Devon Energy Corporation, Devon Energy Production Company, L.P., and Equipment, Inc. Plaintiffs own approximately 108 acres of property in Iberville Parish and allege that the Defendants contaminated the property's soil, groundwater, and surface water while conducting oil and gas exploration and production on the property. (R. Doc. 1-2 at 5-8). Plaintiffs allege that the contaminants include "naturally occurring radioactive materials" (NORM), produced water, and drilling fluid. (R. Doc. 1-2 at 8-12). Plaintiffs allege that between 1980 and 1984, many of the named Defendants buried wastes to avoid meeting closure standards that became effective on January 1, 1986. (R. Doc. 1-2 at 10).

Plaintiffs raise various causes of actions sounding in tort, contract, and pursuant to the Louisiana Mineral Code. (R. Doc. 1-2 at 12-16). Plaintiffs are seeking recovery of restoration damages, assessment and response costs, stigma damages, as well as declaratory and injunctive relief. (R. Doc. 1-2 at 16-18).

Devon Energy Corporation and Devon Energy Production Company, L.P. ("Removing Defendants") removed the action on August 15, 2014, alleging that the court has diversity jurisdiction. (R. Doc. 1). The Removing Defendants allege that they are citizens of Delaware and Oklahoma, and the Plaintiffs are citizens of Louisiana. (R. Doc. 1 at 3-4). The Removing Defendants further allege that Equipment, Inc. (which is a citizen of Louisiana) is a defunct corporation not subject to suit and, therefore, its citizenship may be disregarded as it was improperly joined. (R. Doc. 1 at 3-6). Equipment, Inc. has not been served. (R. Doc. 1 at 3).

The Removing Defendants attached documents to their Notice of Removal in support of a finding that Equipment, Inc. is an improperly joined defendant. The Removing Defendants attached an affidavit of Robert Carpenter, which provided the following:

1. My name is Robert Carpenter. I am over eighteen years old and am fully capable of making this affidavit. I have personal knowledge of the facts stated herein and they are true and correct to the best of my knowledge.

2. The principal of Equipment, Inc. was my father, Lewis Carpenter. My father died in January 1991.

3. I was employed with Equipment, Inc. from approximately 1976 until 1984.

4. Equipment, Inc. filed for bankruptcy in 1984. I attended the bankruptcy auction, which was held in or about January 1986. It is my understanding that Equipment, Inc. was dissolved prior to my father's death in 1991.

5. Equipment, Inc. is no longer an active corporation.

6. Equipment, Inc. ceased operations and shut down in or about October 1985.

7. Equipment, Inc. no longer maintains an office.

8. Equipment, Inc. has no employees.

9. Equipment, Inc. has no assets.

10. Equipment, Inc. maintains no bank accounts.

11.     Equipment, Inc. owns no property.

12.     Equipment, Inc. does not maintain any business records.

(R. Doc. 1-2 at 181-182, "Carpenter Affidavit"). The Removing Defendants also attached records from the Louisiana Secretary of State providing that Equipment Inc. last filed an annual report in 1985 and its charter was revoked in 1990. (R. Doc. 1-2 at 183).

On September 15, 2014, Plaintiff moved to remand his suit to state court on the basis that there is not complete diversity. (R. Doc. 5).

## II.    ARGUMENTS OF THE PARTIES

Plaintiffs argue that the Removing Defendants wrongly identified Equipment, Inc. as an improperly joined defendant. Plaintiffs argue that the Removing Defendants have not met their burden of establishing improper joinder because they have not established that Equipment, Inc. no longer exists as a legal entity capable of being sued or that Plaintiffs cannot state a valid claim against Equipment, Inc. Plaintiffs rely primarily on *Beall v. Conoco Phillips Co.*, No. 08-289, 2008 WL 2433579, at *3 (M.D. La. June 16, 2008), which Plaintiffs characterize as standing for the proposition that an entity such as Equipment, Inc. is not improperly joined so long as the plaintiff can allege a valid cause of action against the company. In other words, Plaintiffs argue that it is irrelevant, pursuant to *Beall*, whether Equipment, Inc. is inactive or whether Plaintiffs can ultimately collect on a judgment against Equipment, Inc. According to Plaintiffs, Equipment Inc. would only qualify as an improperly joined defendant if it was dissolved as evidenced by an order or certificate of dissolution filed with the Louisiana Secretary of State. (R. Doc. 5-1 at 4).

In opposition, the Removing Defendants argue that the *Beall* decision is distinguishable primarily because in that action the removing party did not submit any summary judgment type evidence to prove that the defendant in question had been dissolved and no longer existed as a

3

legal entity. The Removing Defendants argue that they have proven, in contrast to the removing party in *Beall*, that Equipment, Inc. no longer exists as a legal entity. The Removing Defendants argue that this action is more analogous to *Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL 868918 (W.D. La. Mar. 5, 2014), in which the court distinguished the holding in *Beall* because there was sufficient evidence that the improperly joined defendant no longer existed. Furthermore, the Removing Defendants argue that Plaintiff should be held to its representation in the Petition that it has no intention to pursue claims against an entity, such as Equipment, Inc., which has filed for, or had claims discharged, in bankruptcy.

### III. LAW & ANALYSIS

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). "[T]he mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder." *Id*. at 573 n. 9.

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. at 573. However, where the plaintiff has omitted or misstated "discrete facts that would determine the

4

propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned, then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*. at 648.

The parties do not dispute that the amount in controversy exceeds $75,000.[1] The only issue before the court, therefore, is whether Equipment, Inc. was properly improperly joined as a defendant.

This dispute comes down to whether the formal dissolution of Equipment, Inc. is required for the Removing Defendants to have met their burden that the Plaintiff has "no possibility of recovery" against Equipment, Inc. It is undisputed that Equipment, Inc. has not filed an order or certificate of dissolution with the Louisiana Secretary of State. The following facts, however, are also undisputed about Equipment, Inc.:

- It filed for bankruptcy in 1984.
- It ceased operations and shut down in or about October 1985.
- It was liquidated in bankruptcy in 1986.
- Its sole principal is no longer alive.
- It has no office, employees, assets, equipment, or property.
- It does not maintain any bank accounts or business records.

In light of these undisputed facts, the Plaintiff has no reasonable basis for recovery against Equipment, Inc., which "not only has no corporate existence, but has no existence

---

[1] It is clear from the petition that the Plaintiffs' are seeking damages that exceed the jurisdictional amount of $75,000. *See*, *e.g.*, *Simoneaux v. Amoco Production Co.,* 860 So.2d 560 (La.App. 1st Cir.2003) (award of $375,000 for remediation related to oil and gas activities on property).

5

of any kind." *Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL 868918, at *2 (W.D. La. Mar. 5, 2014).

This district's earlier ruling in *Beall v. Conoco Phillips Co.*, No. 08-289, 2008 WL 2433579 (M.D. La. June 16, 2008) is distinguishable. In *Beall*, the court held that a non-diverse corporation that was inactive in light of its failure to file annual reports with the Louisiana Secretary of State, was nevertheless properly joined because it had not been formally dissolved pursuant to Louisiana law. *Id*. at *2-3. In that case, one of the defendants admitted that there were still questions regarding how the corporation at issue came to an end, including "whether it was dissolved or whether the business was sold or merged with another company." *Id*. at *3 (citations omitted). The court concluded that the evidence before it simply indicated that the corporation at issue was an inactive corporation, which was insufficient for a finding of improper joinder. *Id*. Accordingly, the court remanded the action for lack of complete diversity.[2]

Here, the undisputed facts are more akin to those in *Weinstein* then those in *Beall*. There is only a theoretical possibility of recovery against Equipment, Inc., as it "will never make an appearance, will never participate, and will never be available for

---

[2] The *Beall* court briefly discussed two other grounds (both of which are present in the instant case) which cannot serve as a basis for ignoring a defendant's citizenship, namely lack of service and revocation of its articles of incorporation. The court agrees that those two grounds are insufficient, without more, for a finding of improper joinder or for otherwise ignoring a defendant's citizenship for diversity jurisdiction purposes. A non-diverse corporation's citizenship cannot be ignored simply because it had not been served. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). Furthermore, the administrative termination of a corporation based on its failure to file an annual report does not preclude a suit to be brought against it. S*ee* La. Code Civ. P. art. 85 ("An action against a domestic corporation, the charter and franchise of which have been administratively revoked by the secretary of state . . .may be brought in any parish where the suit could have been brought prior to revocation."); *see also* La. R.S. 12:163(G) (repealed effective January 1, 2015) ("Any revocation of a corporation's articles of incorporation . . . shall not affect any cause of action against such corporation.").

recovery" in these proceedings. *Weinstein*, 2014 WL 868918, at *2. Further, Plaintiffs specifically represented in the Petition that they did not intend to assert claims against a defendant that has filed for, or has been discharged in, bankruptcy:

> Plaintiff herein expressly does not pursue any Defendants or claims which have been discharged in bankruptcy, and if a party or parties has filed or intends to file for bankruptcy concerning any of the claims alleged herein, it is the express intention of Plaintiffs not to pursue those claims or party or parties in this action, as such party or parties has been inadvertently named as a Defendant.

(R. Doc. 1-2 at 17, Petition ¶ 49). Plaintiffs do not dispute that Equipment, Inc. filed for bankruptcy in 1984 and was liquidated in bankruptcy in 1986. In light of these undisputed facts, Plaintiff has no possibility of recovery against Equipment, Inc.

## IV. CONCLUSION

Having reviewed the record and the applicable law, the court finds that Equipment, Inc. was improperly joined because the Plaintiff has no possibility of recovery against that entity. Accordingly, there is complete diversity of citizenship because the citizenship of Equipment, Inc. must be ignored.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 29, 2015.

_____
　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　**UNITED STATES MAGISTRATE JUDGE**